FILED BY _____ D.C.

05 MAY 19  AM 6:50

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-20503 Ma/P |
| BRUCE BARNHILL, | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO COMPEL ELECTION AMONG FIREARM COUNTS

Defendant Bruce Barnhill is under indictment for four counts of violating 18 U.S.C. § 922(g). Before the court is Barnhill's "motion to compel election between multiplicitous firearm counts," filed February 9, 2005. The United States ("the government") responded on March 4, 2005. For the following reasons, the motion is DENIED.

I. Background

The government alleges the following facts. On or about May 7, 2004, Memphis Police Department Officers responded to a "fight call" at 1410 Duke in Memphis, Tennessee. Upon arrival, the officers spoke with Suzanne Kibble, who told them that her boyfriend, Defendant Barnhill, had assaulted her. The officers

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 5-19-05



found Defendant in the bedroom of the home, "surrounded by several guns and alcohol." Defendant was charged in a four-count indictment with possessing four different firearms after having been previously convicted of a misdemeanor crime of domestic violence. Defendant moves the court to compel the government to elect among the four counts in the indictment because the simultaneous possession of several firearms constitutes only one violation of 18 U.S.C. § 922(g).

## II. Analysis

Defendant argues, and the government does not dispute, that he can be convicted of only one violation of 18 U.S.C. § 922(g) if all charges in the indictment are proven. The government seeks, however, to be allowed to proceed with four separate counts, to be merged into one conviction at sentencing, should the jury reach a verdict of guilty on more than one of the counts.

It is within the court's discretion whether or not to require the government to merge or choose among multiplicitous counts before trial. United States v. Throneburg, 921 F.2d 654, 657 (6th Cir. 1990)(upholding district court's decision allowing government to go forward with separate counts for one violation of § 922(g)). The court may require the government to proceed on only one count or allow the government to proceed on more than one count and merge the counts at sentencing. Id.; U.S. v. Carnes, 113 F. Supp. 2d 1145, 1161 (E.D. Mich. 2000). Given the government's "broad

2

discretion in bringing criminal cases," the court chooses the latter alternative. Throneburg, 921 F.2d at 657 (citing Ball v. United States, 470 U.S. 856, 859 (1985)).

Defendant argues that allowing the government to proceed on all four counts in the indictment will potentially prejudice him by inviting the jury to render a compromise verdict.  Because the Defendant can be convicted of only one violation of 18 U.S.C. § 922(g), there is little risk that the separate counts will "lead to multiple sentences for the same offense [or] ... improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." United States v. Reed, 639 F.2d 896, 904 (2nd Cir. 1981).  The only risk of prejudice is that the mere presence of multiple counts will make the jury more likely to render a guilty verdict on a single count, when the jury would otherwise be inclined to render a verdict of not guilty on all four counts.  This argument rests on the assumption that the jury will not be capable of considering separately the different factual allegations in each count.  Juries are routinely asked to make separate findings as to multiple counts in an indictment, and any potential prejudice or confusion can be remedied by a limiting instruction.

3

## III. Conclusion

For the foregoing reasons, the Defendant's motion is DENIED.

So ORDERED this 18th day of May 2005.

_____

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CR-20503 was distributed by fax, mail, or direct printing on May 19, 2005 to the parties listed.

---

Randolph W. Alden
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT