IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 12 PM 4: 26

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA, )
                          )
        Plaintiff,        )
                          )
vs.                       )   No. 04-20503-MaP
                          )
BRUCE BARNHILL,           )
                          )
        Defendant.        )

ORDER OF DETENTION AND REVOKING BOND

On June 30, 2005, defendant Barnhill appeared in court for an initial appearance on a charge of violation of the terms and conditions of his pretial release. The government requested his bond be revoked. The defendant was advised of his right to have a bond revocation/detention hearing.

In accordance with 18 U.S.C. § 3148 of the Bail Reform Act, a bond revocation/detention hearing was held on July 5, 2005. After consultation with counsel, the defendant requested that he be allowed to participate in a residential drug treatment program at New Directions; however, residential space will not be available for another ten days. The defendant requested that he be allowed to remain on his present bond until admitted to New Directions.

Based on statement of counsel at the hearing, the court concludes that the defendant is in need of a residential drug

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___7-15-05___

49

treatment program.  However, based on the defendant's previous charges of violating the terms of his pretrial release and the factors set forth in section 3142(g), the court finds that the defendant is unlikely to abide by any condition or combination of conditions of release pending admission to a residential program.

Accordingly, the defendant's bond is revoked, and defendant is ordered detained and held without bond. It is recommended that the defendant be admitted to a residential drug treatment program at New Directions. Upon space becoming available at New Directions, it is ordered that the person in charge of the detention facility deliver the defendant to the United States Marshal for transportation and admission to New Directions. Upon defendant's successful completion of the residential drug treatment program at New Directions, the defendant may petition the court to have his bond reinstated.

IT IS SO ORDERED.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE
Date: July 5, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in case 2:04-CR-20503 was distributed by fax, mail, or direct printing on July 15, 2005 to the parties listed.

---

Randolph W. Alden
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT